## DAMAGE TO PROPERTY FROM COLLAPSE OF SEWER.

Superior Court of Cincinnati.

McWILLIAMS & SCHULTE v. CITY OF CINCINNATI.

Decided, October, 1912.

*High Water Causes Sewer to Burst—Adjacent Property Damaged—Liability of Municipality Growing Out of the Building of an Embankment.*

An action by a property owner, for damages resulting from the bursting of a sewer during high water, does not lie against a municipality on the allegation that the collapse of the sewer was due to the building of an embankment upon which a street is carried over low ground, unless it is made to appear that the embankment turned the rising water into the basin in which the sewer was located and from which basin the embankment prevented the water from escaping.

*Byron M. ClenDening,* for plaintiff.
*John W. Weinig,* contra.

HOFFHEIMER, J.

This was an action for damages to plaintiff's property alleged to have been caused by the negligence of the city in damming up waters of Millcreek, thereby causing by pressure the crushing or breaking of the large trunk sewer adjacent to plaintiff's property.

The cause was heard by the court and a jury, and at the conclusion of plaintiff's evidence, the defendant moved for an instructed verdict. This motion the court allowed.

At that hearing many authorities were cited by this plaintiff in support of its alleged cause of action, and from such examination as the court was then able to make of the cases, and upon the points involved, it concluded that under the facts as shown, no imperative duty devolved upon the city, either as to this alleged embankment or the penned up waters (even assuming they may have caused the break in the sewer), and with reference to the carrying out of which duty there was culpable neglect.

Since the trial was had, I have had an opportunity on this motion for a new trial to review the many cases cited at the trial, as well as those submitted in plaintiff's brief, only to arrive at the same conclusion.

There could not have been any duty on the city towards plaintiff with reference to the waters of Millcreek, which overflowed their banks and which found their way to the place designated herein as basin Number 1, unless Gest street was an artificial embankment, built by the city, and unless it was shown that prior to the building thereof (if same was actually built by the city), the waters that would find their way to said place when Millcreek overflowed its banks, eventually flowed off again to the north and in an unobstructed flow.

If the city built a barrier or embankment where Gest street is located, the effect of which was to pen up or obstruct such waters, I can readily understand that an imperative duty would then rest on it to maintain and care for a culvert in said artificial barrier or embankment, and any culpable neglect in such regard would render it liable for damages proximately resulting therefrom.

At the trial of this case plaintiff, however, failed to show that prior to the erection of the alleged artificial embankment, on the surface of which is Gest street, the waters of Millcreek that may have found their way to the territory designated as basin one, all receded north, as Millcreek receded, and plaintiff further failed to show that Gest street was an artificial embankment erected by the city. Consequently, even if we concede that the city would have no right to dam up the rivers of Millcreek in the basin complained of, and without providing and caring for necessary outlets, no duty rested on the city in this case, because the evidence wholly fails to show that the city dammed up said waters.

As stated, there is nothing in the evidence to show that Gest street is an artificial embankment, or that the city in erecting same, if it did erect same, dammed up said waters.

On motion for new trial, it is urged that plaintiff relied on said matters being such as the court would necessarily take judicial notice of.

It is claimed that a city ordinance, No. 756, with reference to establishing the grade of Gest street exists, and that it was the duty of this court, although no such ordinance was either pleaded or proven as a fact, to take judicial notice of such ordinance.

Proof that a dam or barrier was built by the city, the effect of which was to dam up or pen up overflowing waters of this natural course, can not in my opinion be thus supplied by the court. *City* v. *Lothsheutz,* 10 N.P.(N.S.), 247-259. The determination of this point, it seems to me, is decisive.

Plaintiff states that he made diligent search previous to the trial for evidence tending to prove that the city built said embankment and could find none, and that he assumed at the trial that the court would take judicial notice of such fact, namely, of the embankment built by the city. He states that since the trial, he has discovered evidence in such regard, and urges newly discovered evidence as ground for a new trial.

Were we to say, however, in view of plaintiff's frank admission that he assumed the court would take judicial notice of the matter referred to, that plaintiff exercised the proper diligence,

such evidence, even if offered, would not necessarily require a different conclusion, because as already stated, there was failure to show that prior to the building of the alleged embankment, if the city did build it so as to dam or pen up these waters (when Millcreek overflowed) all the back water from Millcreek which found its way to what we call basin Number One was unimpeded in its flow to the north as Millcreek receded.

For the reasons stated, it is the duty of the court to overrule the motion for a new trial, and it is so ordered.